STEVEN M. FRIEDMAN, ESQ. (SBN 001879)
BEGAM, LEWIS & MARKS
111 West Monroe Street, Suite 1400
Phoenix, AZ 85003-1787
Tel: (602) 254-0671
Fax: (602) 252-0042

CLAY ROBBINS III (SNB 101275)
MAGAÑA, CATHCART & McCARTHY
1801 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-5899
Tel: (310) 553-6630
Fax: (310) 785-9143

Attorneys for Plaintiff RICHARD B. DRAKE

## UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD B. DRAKE,<br><br>                    Plaintiff,<br><br>vs.<br><br>BURLINGTON NORTHERN SANTA FE CORPORATION; BNSF RAILWAY COMPANY and CHEMICAL LIME COMPANY, foreign corporations,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **PERSONAL INJURIES**<br>    (*Pursuant to the Federal Employer's Liability Act, 45 USC §51 et seq.*)<br>2.  **NEGLIGENCE /PREMISES LIABILITY**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff RICHARD B. DRAKE, an individual, hereinafter "DRAKE", complains of Defendants BURLINGTON NORTHERN SANTA FE CORPORATION; BNSF RAILWAY COMPANY and CHEMICAL LIME COMPANY (hereinafter "BNSF", "RAILWAY" and "CHEMICAL", respectively) and alleges as follows:

### PARTIES

1.      Plaintiff RICHARD B. DRAKE, is an individual who is a resident and domiciliary of the City of Kingman, County of Mohave, State of Arizona.

- 1 -

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

2. At all times mentioned in this Complaint, the Defendants, BURLINGTON NORTHERN SANTA FE CORPORATION, a corporation, and BNSF RAILWAY COMPANY were, and now are, corporations duly organized and existing under the laws of the State of Delaware, and BNSF RAILWAY COMPANY has a principal place of business in Fort Worth, Texas. At all times mentioned in this complaint, the Defendants, BURLINGTON NORTHERN SANTA FE CORPORATION, a corporation, and BNSF RAILWAY COMPANY have maintained offices for the transaction of business in the City and County of Mohave, State of Arizona. At all times relevant to the matters raised in this Complaint, Defendants were authorized to and were engaged in the business of railway transportation in the State of Arizona.

3. The Defendants, BURLINGTON NORTHERN SANTA FE CORPORATION, a corporation and BNSF RAILWAY COMPANY were, and now are common carriers by rail engaged in furtherance of interstate commerce, and the injuries to the Plaintiff, alleged hereafter, were sustained by the Plaintiff while he was acting in the course and scope of his employment for the Defendants, BURLINGTON NORTHERN SANTA FE CORPORATION, a corporation, and BNSF RAILWAY COMPANY and while engaged in the furtherance of interstate commerce.

4. The Defendant, CHEMICAL LIME COMPANY is an out of state corporation, with its principal place of business in Fort Worth, Texas. At all times relevant to the matter raised in this complaint, said Defendant was authorized to and was engaged in the operation of a Lime plant at the premises of the Chemical Lime Company Nelson Lime Plant, Nelson, Arizona.

## JURISDICTION

5. Jurisdiction as to the claim against BNSF and RAILWAY is founded upon Federal Employer's Liability Act, 45 USC §51, et seq, and, as to CHEMICAL, upon diversity of the parties pursuant to 28 USC §1332. The amount in controversy in this matter, exclusive of interest and costs, exceeds $50,000.

## VENUE

6. That venue lies in the District of Arizona under the provisions of 45 USC §56(c) in that the Defendants, BNSF and RAILWAY, are common carriers by railroad, engaged in interstate and foreign commerce and employ the Plaintiff whose duties are in furtherance of interstate

- 2 -

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

1   commerce.  Moreover, venue is also appropriate under the provisions of 20 USC §1391(c) in that

2   Defendant CHEMICAL LIME COMPANY is a foreign corporation and is authorized to do business

3   and at all times relevant herein was doing business and owned, managed and supervised property

4   within the State of Arizona, County of Yavapai and the incident here in question occurred in the

5   State of Arizona at the Defendant's Nelson Chemical Lime plant.

6

7   **I.**

8   **FIRST CAUSE OF ACTION FOR PERSONAL INJURY**

9   **AGAINST DEFENDANTS BNSF AND RAILWAY**

10   *(Federal Employer's Liability Act, 45 USC §51)*

11   7.   That action is brought pursuant to the provisions of Title 45, Section 51 et seq., of the

12   *United States Code*, more commonly known as the Federal Employers Liability Act.

13   8.   On or about June 6, 2007 the Plaintiff was employed by the Defendants as a

14   Conductor/Brakeman and his job duties took him into a construction zone spread over the

15   CHEMICAL LIME COMPANY, Nelson plant facility located in the State of Arizona.

16   9.   On or about June 6, 2007 at or about 9:30 p.m., while the Plaintiff was engaged in the

17   course and scope of his employment and duties, the Defendants owed the Plaintiff an obligation to

18   provide him with a reasonably safe and secure place within which to work with appropriate,

19   adequate and safe equipment.

20   10.   At the aforementioned time and place, the Defendants, BURLINGTON NORTHERN

21   SANTA FE CORPORATION, a corporation, and BNSF RAILWAY COMPANY breached their

22   duties to the Plaintiff and so negligently and carelessly controlled, conducted and supervised their

23   operations, failed to provide a safe, adequate and appropriate place to work, as well as tools and/or

24   equipment for use by workers, negligently and/or carelessly maintained and/or failed to maintain

25   the work area, and failed to keep same clean, free of hazards, in good repair and reasonably safe for

26   their employees.

27   11.   The condition of walkway surface was unsuitable, inadequate, cluttered, unclean,

28   hazardous and unsafe for the use for which it was intended by the Defendants.  The equipment

-3-

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL**

1  Plaintiff was given and the workplace provided to him, as set forth above, clearly violated

2  applicable safety rules and/or safety regulations and/or were otherwise unsafe.

3      12.    On June 6, 2007, Richard Drake was assigned to work a train as a brakeman. The

4  work assignment for Plaintiff and his crew took them to a construction zone that was spread over

5  the CHEMICAL LIME COMPANY, at Nelson, Arizona, in or near Peach Springs, Mohave

6  County, Arizona. That is an industry that is switched and serviced by the Defendants. When they

7  arrived at the plant that evening, the siding track was blue flagged and out of service. This had been

8  accomplished by the Defendants' M.O.W. Department. The crew was told that they could enter

9  the siding at about 4:30 p.m. However, before entering the siding, the crew waited to clear until the

10  M.O.W. finished their work. Plaintiff and his crew remained in the clear until approximately 9:15

11  p.m. At that time they contacted M.O.W. and were allowed to occupy and move onto the siding

12  track. Plaintiff was informed and believed that M.O.W. had finished and had dropped the blue

13  flags.

14      13.    Plaintiff and his crew had tied into some cars on the track and Plaintiff was at that

15  time on the engine.   The conductor protected their shove on the railcars from an adjacent

16  automobile. The conductor directed the shove to the desired point, at which movement was stopped

17  and directed Plaintiff to cut away.

18      14.    It was very dark at the location of the cut, as there was no artificial lighting and it was

19  at that time approximately 9:30 p.m. At the location where Plaintiff was directed to exit the engine

20  to make the cut,  ballast was positioned at a severe slope relative to the track, which was under

21  construction at the location. The footing where Plaintiff was required to work was extremely poor.

22  There was unprotected rebar hung from orange netting draped along the ballast that sloped from the

23  track. The rebar and netting were positioned very close to the track, making walking in that area

24  extremely hazardous.

25      15.    There had been no work notification by Defendants of that condition in the work area

26  prior to starting work that evening and, in fact, Plaintiff had never worked in that specific area prior

27  to this accident. Nor had there been any GTB's. There was no clear and secure walkway or toe

28  path in the area, in violation of applicable codes. The portable light rig was not working. Plaintiff

- 4 -

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

was forced to walk on uncompacted ballast. There was no other artificial lighting over the area. The meshing was too close to the area where Plaintiff had to walk. There was no warning of that condition in the area. The meshing used was a 4 x 2 configuration, rather than a 2 x 2 configuration that would not have caught Plaintiff's foot. Plaintiff had no choice but to walk in darkness along the sloping ballast. Plaintiff's foot slipped. Plaintiff attempted to lift his right foot but then lost his balance because his right foot had become entangled in the mesh. As a result, Plaintiff fell directly through the mesh fence, down a two-foot grade and onto uncovered ties laid out below, that was going to be used on the new rail that was under construction. During the course of the fall his body twisted as his foot was caught stationary. He landed on his knees and shoulder in a forceful twisting motion and immediately felt pain in both knees and his shoulder. Over the ensuing days his knees began to swell and he felt tightening in his lumbar spine.

16.     As a proximate result of the negligence and carelessness of the Defendants, as aforesaid, the Plaintiff was hurt and injured in his health, strength and activity, sustaining injuries to his body, including his legs, knees, back, left forearm and shock and injuries to his nervous system and person, all of which said injuries caused and continue to cause the Plaintiff to suffer great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and based thereon alleges that each of the said injuries will result in some permanent disability to the Plaintiff, all to Plaintiff's general damage in an amount in excess of the minimum jurisdictional limits of this Court.

17.     As a further direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, the Plaintiff has incurred, and will in the future incur, medical, x-ray, surgical, physical therapy and sundry expenses in the examination, care and treatment of Plaintiff's injuries, the exact nature and extent of which are unknown to Plaintiff at this time and Plaintiff will ask of the Court to amend the complaint in this regard when the same are ascertained.

18.     As a further direct and proximate result of the negligence and carelessness of the Defendants, as aforesaid, Plaintiff has been and will in the future be unable to pursue his vocation and he has, therefore, and in the future, he will be unable to pursue his vocation and he has, therefore, and will suffer in the future, a loss of earnings and earning capacity, the exact amount of

-5-

which is unknown to the Plaintiff at this time and Plaintiff will ask leave of Court to amend the complaint in this regard when these amounts are ascertained.

## II.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE / PREMISES LIABILITY AGAINST DEFENDANT CHEMICAL LIME COMPANY

19.    Plaintiff refers to and incorporates herein by this reference each and every allegation in Paragraphs 1 through 18 of this Complaint as though fully set forth at length hereat.

20.    That at all times herein mentioned, the Defendant CHEMICAL LIME COMPANY owned, inspected, repaired, supervised, possessed, controlled, maintained, and operated the premises commonly known as the Nelson Lime plant located in Yavapai county, Arizona.

21.    That on or about June 6, 2007, while Plaintiff was an invitee upon said premises, performing work at the request of and for the benefit of said Defendant in a common area of the above-described premises opened for the use of the Railroad, Railroad employees and other invitees, Defendant, its servants, employees and agents, and each of them, did so negligently and carelessly fail to maintain and keep said area safe, free from hazard, and in good repair and free from dangerous obstacles and traps, and thereby created a dangerous condition in violation of their duty of care and in violation of various statutes, ordinances, and safety orders, exposing persons, including Plaintiff herein, to an unreasonable risk f harm.

22.    The above-described dangerous condition was created by Defendant, and known to Defendant prior to the incident referenced to herein, and existed for a significant length of time prior to said occurrence, such that had the Defendant exercised reasonable care in maintaining, owning, managing and inspecting its premises, the Defendant would have discovered the condition in time to remedy it or to give warning before the injury occurred.

23.    The Defendant failed to correct the dangerous condition, which it created, and further failed to warn persons, including Plaintiff, of the dangerous condition.

24.    That on June 6, 2007, while Plaintiff was on the above-described premises in the course and scope of his employment by the Railroad and/or at the request of and for the benefit of

-6-

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

1    Defendant, and as a proximate result of the dangerous condition, Plaintiff was caused to trip and

2    fall by virtue of the above-described condition, causing the injuries and damages as herein set forth.

3        25.    The conduct of said Defendant was a substantial factor in the injury to Plaintiff and

4    herein alleged and Plaintiff was injured in his health, strength and activity, sustaining injuries to the

5    body and shock and injuries to his nervous system and person, all of which said injuries have caused

6    and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is

7    informed and believes and thereby alleges that said injuries will result in some permanent disability

8    to Plaintiff, all to Plaintiff's general damage in an amount in excess of the minimum jurisdictional

9    limits of this Court.

10        26.    The conduct of the Defendant, as aforesaid, was a substantial factor in Plaintiff's

11    incurring and the future incurring x-ray, medical and sundry expenses in the examination, care and

12    treatment of Plaintiff's injuries, the exact nature and extent of which are unknown to Plaintiff at this

13    time, and Plaintiff will ask leave of Court to amend the Complaint in this regard when the dame are

14    ascertained,

15        27.    The conduct of the Defendant, as aforesaid, was a substantial factor in Plaintiff being

16    unable to pursue his vocation and has, therefore, suffered and will in the future suffer a loss of

17    earnings and earning capacity and loss of profits, the exact amount of which is unknown to Plaintiff

18    at this time, and Plaintiff will ask leave of Court to amend the Complaint in this regard when the

19    same is ascertained.

20        WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as

21    follows:

22        (1)    For general damages according to proof;

23        (2)    For medical and sundry expenses, past and future, according to proof;

24        (3)    For loss of earnings and earnings capacity and employment benefits, both past and

25        future, according to proof;

26        (4)    For other and such further relief as the Court may seem just and proper; and

27        (5)    For interest on Plaintiff's damages as allowed by law.

28

-7-

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

1  Dated: May 29, 2009

2

3

4

5

6  Dated: May 29, 2009

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAGAÑA, CATHCART & McCARTHY

By _____
        CLAY ROBBINS III
        Attorneys for Plaintiff
        RICHARD B. DRAKE

BEGAM, LEWIS & MARKS

By _____
        STEVEN M. FRIEDMAN, ESQ.
        Attorneys for Plaintiff
        RICHARD B. DRAKE

- 8 -

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff RICHARD B. DRAKE, an individual, hereby demands a jury trial in the above-entitled matter.

Dated: May 29, 2009

MAGAÑA, CATHCART & McCARTHY

By _____
CLAY ROBBINS III
Attorneys for Plaintiff
RICHARD B. DRAKE

Dated: May 24, 2009

BEGAM, LEWIS & MARKS

By _____
STEVEN M. FRIEDMAN, ESQ.
Attorneys for Plaintiff
RICHARD B. DRAKE

- 9 -

COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES AND DEMAND FOR JURY TRIAL